**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARIJONO TAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-73871<br><br>Agency No. A095-635-511<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Harijono Tan, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we dismiss in part and grant in part the petition for review, and remand.

The IJ found that Tan's asylum application was untimely, Tan was not credible with respect to his Christianity claims, and denied Tan's CAT claim. Tan did not challenge these findings to the BIA, and we lack jurisdiction to consider them. Accordingly, we dismiss the petition as to these claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

With regard to his withholding of removal claim based on his Chinese ethnicity, the IJ denied Tan's claim on the merits, rather than credibility. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004) (in the absence of an explicit credibility finding, petitioner's testimony is taken as true). The record does not compel the conclusion that Tan established past persecution based on the extortion suffered by his father. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to a protected ground). However, in assessing Tan's future fear, the IJ did not have the benefit of our intervening decision in *Wakkary v. Holder*, 558 F.3d at 1064-67. Accordingly, we grant the petition for review with respect to Tan's withholding of removal claim based on his Chinese ethnicity, and we remand for the BIA to apply the disfavored

group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**